**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT JAMES SWINT,**

> **Plaintiff,**

> v.                                                    **CASE NO. 26-3197-JWL**

**POST SCRIPT, INC.,**

> **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Robert James Swint, who is housed at the Oregon State Mental Institution in Salem, Oregon, began this pro se civil action by filing a Complaint in this Court. (Doc. 1.)  When Plaintiff filed his complaint, he neither paid the full filing fee of $405.00 nor filed a motion for leave to proceed in forma pauperis, meaning without prepayment of the filing fee.  He is required to do so. *See* 28 U.S.C. § 1914.  The Clerk will be directed to send Plaintiff the forms for filing a motion for leave to proceed in forma pauperis and Plaintiff will be granted time to either move for leave to proceed in forma pauperis or pay the full filing fee.  If he fails to do so by the deadline set in this order, this case may be dismissed without further prior notice to him.

Additionally, the Court has reviewed the Complaint (Doc. 1) and finds that it fails to state a plausible claim for relief and is legally frivolous.  Plaintiff names Post Script, Inc., as the sole defendant.  His Complaint is incomprehensible and states:

> I.  Send copies, sent
> II.  In the matter of the above vs below we come to find out that wasn't the case in the end, what do we find
> III.  Ourselves
> IIII.  The United States has long awaited results, weather [sic] they like it or not.  [F]or results, listen, watch, learn, play, and rewind, fast forward, back, pause, STOP, Eject tape, Play Forward/PASSWORD into cash deposit @ ATM.

1

> IV.  M.C.[2]  That makes two of us.  "We the same, only different," and all of the new sayings, "he's talking about himself," the old Sey, and what about the rights to all intellectual property, Pat Ent's Office.

(Doc. 1, at 1–2.)  At no point in the Complaint does Plaintiff assert particular claims or identify the relief he seeks.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Even liberally construed, the pro se Complaint now before the Court fails to do so.  Relatedly, this means that the Complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure.[1]

Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief."  Fed. R. Civ. P. 8.  The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'"  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).  Because the Complaint now before the Court does not comply with Rule 8, it is subject to dismissal.  *See Nasious*, 429 F.3d at 1162 n.3.

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

Finally, "[a] complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Even liberally construing the pro se Complaint, it lacks an arguable basis in law or fact. Plaintiff will be granted time to show good cause, in writing, why the Complaint should not be dismissed as frivolous.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **August 10, 2026,** to either pay the full $405.00 filing fee or submit a complete motion for leave to proceed in forma pauperis. The Clerk is directed to provide Plaintiff with the forms for submitting a motion for leave to proceed in forma pauperis**.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 10, 2026,** to show good cause, in a single written response to this order, why this case should not be dismissed as frivolous. The failure to respond by the deadline will result in the dismissal of this matter with prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 8, 2026, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**